UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Defendant. | Case No. 23-cv-02242-AMO (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 14, 16 |

Before the Court is Defendant's motion under Federal Rule of Civil Procedure 12(f) to strike Plaintiff Kwesi Muhammad's First Amended Complaint ("FAC"). Dkt. 14.

**BACKGROUND**

Prior to Defendant removing this civil action to federal court, Muhammad filed his lawsuit in the Sacramento County Superior Court, *Muhammad v. California Department of Corrections and Rehabilitation* [("CDCR")], Case No. 34-2023-00335812, stemming from alleged violations at the Correctional Training Facility ("CTF"). He alleges federal causes of action under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504").[1] Dkt. 1 at 5-7.[2] He seeks monetary damages against the CDCR. *Id.* at 11.

Muhammad claims that he is an individual with qualifying disabilities because of a "failed left knee medial meniscus tear repair and left foot hammertoe correction." *Id.* at 6. He alleges

---

[1] Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.§ 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs, services or activities of a public entity.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Muhammad.

1  that, in April 2021, when the CDCR discontinued its practice of permitting only certain
2  individuals with disabilities the ability to shower during specified times, it discriminated against
3  disabled individuals in violation of the ADA and Section 504. *Id.* at 9-10.  Five months later,
4  around September 2021, the CDCR reinstituted the practice as it existed before. *Id.* at 10.  On
5  November 13, 2023, the Court found that, liberally construed, the complaint stated a cognizable
6  claim against the CDCR for violating Muhammad's rights under the ADA and Section 504 and set
7  a briefing schedule.  Dkt. 7 at 3.

8  On January 19, 2024, Muhammad filed a FAC.  Dkt. 12.  The FAC alleges that, in October
9  2022, the CDCR unlawfully denied him a second mattress to reduce his pain and improve his
10 sleep.  *Id.* at 3-4.  Muhammad asserts he needs a second mattress because his joint pain, which
11 was caused by his July 2021 COVID diagnosis, makes sleeping difficult.  *Id.*  Muhammad's FAC
12 includes no allegations relating to his ADA and Section 504 claims against the CDCR.  *See*
13 *generally* Dkt. 12.  The Court notes that Muhammad directed the FAC to the Eastern District.  *Id.*
14 at 1.  Additionally, the case number Muhammad listed on the FAC is his Eastern District case
15 number: Case No. 2:23-cv-00756-JDP.  *Id.*

16 **DISCUSSION**

17 For the reasons outlined in the moving papers, the Court finds good cause to **GRANT** the
18 motion to strike.  The Court has also read and considered Defendant's request for judicial notice
19 ("RJN") that the Court take judicial notice of the existence and content of the court records from
20 Muhammad's pending litigation in the Eastern District—Case No. 2:23-cv-00756-JDP.  *See* Dkt.
21 16.  Good cause appearing, Defendant's RJN is **GRANTED**.  The Court may take judicial notice
22 of the court records from Case No. 2:23-cv-00756-JDP because judicial notice is properly taken of
23 matters of public record, including court filings and orders from other cases.  *See Biggs v.*
24 *Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003) (finding that judicial notice is properly taken of
25 materials from a proceeding in another tribunal), *overruled in part on other grounds*, *Hayward v.*
26 *Marshall*, 603 F.3d 546, 555 (9th Cir. 2010).

27 Under Federal Rule of Civil Procedure 12(f), a district court may strike a pleading if it is
28 "immaterial" or "impertinent."  A matter is immaterial if it "has no essential or important

relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994).  Impertinent matters are those "that do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotation marks and citation omitted).  Because Muhammad's FAC has in its caption the case number of his case proceeding in the United States District Court for the Eastern District of California, and because it's allegation does not relate to the claims at bar in this suit, the Court concludes that Muhammad did not intend to file the FAC here.  *See* Dkt. 12 at 1; RJN Ex. B.  Thus, the entire FAC is immaterial and impertinent to this lawsuit and will be stricken.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendant's motion to strike Muhammad's FAC is **GRANTED**.  Dkt. 14.
2. Defendant's Request for Judicial Notice in support of its motion to strike is **GRANTED**.  Dkt. 16.
3. The Clerk of the Court shall **STRIKE** from the docket for this action Muhammad's FAC.  Dkt. 12.  The Clerk shall mail courtesy copies of this Order and the FAC to the Eastern District and to Muhammad.

**IT IS SO ORDERED.**

Dated:   June 14, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3