UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KWESI MUHAMMAD,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

Defendant.

Case No. 23-cv-02242-AMO (PR)

**ORDER DENYING MOTION FOR
SUMMARY JUDGMENT; AND
SETTING NEW BRIEFING
SCHEDULE**

Re: Dkt. No. 30

## I.   INTRODUCTION

Plaintiff Kwesi Muhammad brings the instant action under 42 U.S.C. § 1983, representing himself, stemming from alleged violations at the Correctional Training Facility ("CTF"). He alleges federal causes of action under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504").[1]  Dkt. 1 at 5-7.  In his complaint, Muhammad names only the CDCR.  *Id.* at 2.[2]  He seeks monetary damages.  *Id.* at 11.

Before the Court is Defendant's motion for summary judgment.  Dkt. 30.  Defendant moves for summary judgment on the ground that it is entitled to judgment as a matter of law because Muhammad failed to properly exhaust all available administrative remedies as required by

[1] Title II of the ADA, 42 U.S.C.§ 12101 et seq., and Section 504, as amended and codified in 29 U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs, services or activities of a public entity.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

United States District Court
Northern District of California

the Prison Litigation Reform Act ("PLRA"). *Id.* at 1. Muhammad filed an opposition to Defendant's motion for summary judgment, and Defendant filed a reply. Dkts. 36, 37.

This Order assumes familiarity with the Court's June 14, 2024 Order, which provided the case's background and noted that, when liberally construed, the complaint appeared to state a cognizable claim against the CDCR for violating Muhammad's rights under the ADA and Section 504. *See* Dkt. 18 at 1-2.[3]

Having read and considered the parties' papers, as well as the relevant legal authority, the Court **DENIES** Defendant's motion for summary judgment.

II.     **BACKGROUND**

        A.      **Factual Summary of Claims from Complaint**

Muhammad claims that he is an individual with qualifying disabilities because of a claimed "failed left knee medial meniscus tear repair and left foot hammertoe correction." Dkt. 1 at 6. Muhammad alleges that in April 2021, when the CDCR discontinued a practice where certain individuals with disabilities had the exclusive ability to shower during specified times, it discriminated against individuals in violation of the ADA and Section 504. *Id.* at 9-10. Four months later, around September 2021, the CDCR returned to the shower practice that existed before its April 2021 change. *Id.* at 8.

On January 17, 2023, Muhammad filed this lawsuit asserting claims under the ADA and Section 504 relating to him not being given special shower time from April 21, 2021 to August 27, 2021. *Id.* Muhammad avers he was not given special shower time "in retaliation for Inmate Jenkins filing a grievance" against a correctional officer. *Id.* at 9.

        B.      **Factual Summary Relating to Exhaustion**

On May 19, 2021, Muhammad submitted a grievance to the Office of Grievances at CTF,

---

[3] Also in its June 14, 2024 Order, the Court granted Defendant's motion to strike Muhammad's first amended complaint ("FAC") upon determining that Muhammad did not intend to file the FAC here because "the FAC ha[d] in its caption the case number of his case proceeding in the United States District Court for the Eastern District of California, and because its allegation d[id] not relate to the claims at bar in this suit." Dkt. 18 at 3 (citing Dkt. 12 at 1; Def.'s Req. for Jud. Notice, Ex. B).

which was designated Grievance No. 119967. *Id.* at 8. According to Muhammad, Grievance No. 119967 is the grievance relevant to this lawsuit. *Id.*

The grievance alleges that it had been a long-term practice for ADA-designated inmates with ground-floor housing restrictions to be permitted to shower after the completion of the 5:00 p.m. inmate count. *See* Georgely Decl., Ex. B (hereinafter "Muhammad Dep.") at 53:18–54:4; Georgely Decl., Ex. C at 3 (Grievance No. 119967). It states that Muhammad participated in this special shower time. Georgely Decl., Ex. C at 1, 3. The grievance states that, on April 21, 2021, a non-party correctional officer informed Muhammad that Muhammad and other ADA-designated inmates were no longer going to be given special shower time. *Id.* Muhammad claims he could not safely shower with other inmates because of his disability. *Id.* at 3.

On June 27, 2021, the Office of Grievances issued its decision on Grievance No. 119967. *See* Barss Decl., Ex. B. The Office of Grievances "disapproved" the grievance and stated that if Muhammad was dissatisfied with the decision, he could file an appeal with the Office of Appeals. *Id.* at 2. According to the decision, prison officials investigated Muhammad's grievance. *Id.* at 1. The investigation revealed that Muhammad refused to use the first-floor shower, because the showers were used by inmates of another race—not because Muhammad was denied equal access to the showers. *Id.*

According to Defendant, the Office of Appeals did not receive an appeal of Grievance No. 119967. *See* Moseley Decl. ¶ 10, Ex. A. However, Muhammad claims that he completed the form to appeal Grievance No. 119967, signed the appeal, and addressed the envelope to the Office of Appeals. Muhammad Dep. at 50:17-20. Specifically, Muhammad asserts that, on July 8, 2021, he handed the envelope containing his appeal to a third-watch correctional officer in his housing unit for processing as confidential mail. *Id.* at 49:15-16, 50:17-20; Dkt. 36 at 3.

On July 18, 2022, the Office of Appeals received a letter from Muhammad dated July 12, 2022, inquiring into the status of his appeal of Grievance No. 119967. Moseley Decl. ¶ 11, Ex. E. Muhammad did not enclose a copy of his appeal. *Id.* Muhammad enclosed in the letter a copy of his outgoing legal mail log for June and July 2021. *Id.* at 5. The Office of Appeals received the log with a highlight across a July 8, 2021 entry of a mailing to the Office of Appeals. *See id.*

United States District Court
Northern District of California

### III.    DISCUSSION

####    A.    Legal Standard for Summary Judgment

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in the record"). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The court is only concerned with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). It is not the court's task to scour the record in search of a genuine issue of triable fact. *Id.* If the nonmoving party fails to make the requisite showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323.

The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) *abrogated in part on other grounds by Perttu v. Richards*, 605 U.S. 460, 475 (2025). The defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with the defendant, however. *Id.* "If material facts are disputed, summary

judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

A district court may only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). In support of the motion for summary judgment, Defendant has filed a declaration and exhibits from its attorney, Deputy Attorney General Christian Michael Georgely, as well as declarations and exhibits from Associate Director of the Office of Appeals Howard E. Moseley, CTF Correctional Counselor II M. Barss, and CTF Correctional Officer N. Gomez. *See* Dkt. 30-1 – 30-15. Muhammad has filed his opposition and declaration, which are verified as he signed both under penalty of perjury. Dkt. 35 at 3; Dkt. 36 at 5-6. The complaint is also verified, *see* Dkt. 1 at 7-8, and thus the Court will construe it as well as the verified opposition and declaration as opposing affidavits under Federal Rule of Civil Procedure 56, insofar as they are based on personal knowledge and set forth specific facts admissible in evidence, *see Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

**B.      Analysis**

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. *Ngo*, 548 U.S. at 93. A prisoner not only must pursue every available step of the prison appeal process but also must adhere to "deadlines and other critical procedural rules" of that process. *Id.* at 90.

Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Id.* at 218. In California, the regulation requires the prisoner "to lodge his administrative complaint on CDC[R] Form 602 and 'to describe the problem and action

United States District Court
Northern District of California

requested.'" *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (quoting former Cal. Code Regs. tit. 15 § 3084.2(a)).

A prisoner must "exhaust his administrative remedies *prior* to sending his complaint to the district court." *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (emphasis added). The prisoner cannot comply with the PLRA's exhaustion requirement "by exhausting available remedies during the course of the litigation." *Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) (citation omitted).

The CDCR provides its inmates and parolees the right to administratively grieve and appeal any "policy, decision, action, condition, or omission by the Department or departmental staff that causes some measurable harm to their health, safety, or welfare." Cal. Code Regs. tit. 15, § 3481(a).[4]

Under the regulations effective June 1, 2020, there are two levels of review for non-health-care appeals by inmates, referred to as a grievance and an appeal. At the first level, the inmate submits a form CDCR 602-1 to the Institutional Office of Grievances at the prison or other facility where he is housed. *See Id.* at § 3482(a), (c) (repealed eff. June 1, 2020). "In response, a claimant shall receive a written decision" from the Institutional Office of Grievances "clearly explaining the reasoning for the Reviewing Authority's decision as to each claim." *Id.* at § 3481(a) (repealed eff. June 1, 2020). At the second level, an inmate dissatisfied with the Institutional Office of Grievances' decision at first level submits a form CDCR 602-2 to the CDCR's Office of Appeals in Sacramento. *Id.* at §§ 3481(a), 3485(a) (repealed eff. June 1, 2020).

Prisoners also may file complaints regarding healthcare policies, decision, actions, conditions, or omissions using a form CDCR 602 HC. Cal. Code Regs. tit. 15, § 3999.226(a), 3999.227. Such complaints are subject to two levels of review – an institutional level of review and a headquarters level of review. *Id.*

_____

[4] The regulations that set out the features of the administrative remedies process for California prisoners underwent a substantial restructuring in 2020. On March 25, 2020, and effective June 1, 2020, California Code of Regulations Title 15, sections 3084 through 3084.9 were repealed and replaced with renumbered and amended provisions at sections 3480 through 3487.

United States District Court
Northern District of California

A grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) (citation and internal quotation omitted). To initiate the grievance process, an inmate must submit a CDCR Form 602 within thirty calendar days of the event or decision being appealed. *See* Cal. Code Regs. tit. 15, § 3482(b)-(d). The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Ngo*, 548 U.S. at 84.

There are "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross v. Blake*, 578 U.S. 632, 643 (2016). First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Third, an administrative remedy is not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

A prisoner must provide evidence, not just make conclusory allegations, to meet their burden to show that existing and generally available administrative remedies were effectively unavailable. *See Draper v. Rosario*, 836 F.3d 1072, 1079-80 (9th Cir. 2016). A prisoner's "unsupported allegations" regarding impediments to exhaustion are insufficient to create a triable issue of fact. *Id.*

Here, Defendant argues as follows:

> The undisputed material facts establish that Muhammad did not exhaust administrative remedies for the claims he asserts in this lawsuit. *See* 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). Under CDCR's regulations, a grievance is not exhausted until the Office of Appeals issues a qualifying decision in response to an inmate's appeal of their grievance decision. Cal. Code Regs., tit. 15, § 3486(m). Muhammad identified Grievance No. 119967 as the grievance relevant to this lawsuit. (Georgely Decl. Ex. A (supplemental response to Interrogatory No. 3), Ex. B [Muhammad Dep. Tr. 54:10-14], Ex. C.)

United States District Court
Northern District of California

> Muhammad concedes facts that establish he did not exhaust Grievance No. 119967 through the final level of review. (*See* Georgely Decl. Ex. B [Muhammad Dep. Tr. 51:15-20].) It is undisputed that the Office of Appeals did not issue a decision on Grievance No. 119967 and that Muhammad did not receive a response from the Office of Appeals regarding Grievance No. 119967. (Georgely Decl. Ex. B [Muhammad Dep. Tr. 51:15-20].) The Office of Appeals never received an appeal of Grievance No. 119967. (Moseley Decl. ¶ 10.) Muhammad, therefore, did not exhaust his shower grievance, Grievance No. 119967, through the final level of review. See Cal. Code Regs., tit. 15, § 3486(m).

Dkt. 30 at 16. Defendant's evidence meets the initial burden of proving that there was an available administrative remedy that Muhammad failed to properly exhaust in connection with his claim against Defendant before filing this action. *See Albino*, 747 F.3d at 1172.

Accordingly, the burden shifts to Muhammad to show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *See Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). Muhammad declares, under penalty of perjury, that he attempted to exhaust his administrative remedies by filing an appeal of Grievance No. 119967 on July 8, 2021. *See* Muhammad Dep. at 50:17-20; Dkt. 36 at 3. Specifically, Muhammad claims that he handed the envelope containing his appeal of Grievance No. 119967 to a third-watch correctional officer in his housing unit for processing as confidential mail. *Id.* at 49:15-16, 50:17-20. However, the Office of Appeals did not receive an appeal of Grievance No. 119967. *See* Moseley Decl. ¶ 10, Ex. A. In Muhammad's opposition, he argues as follows:

> Defendant's statement that [Muhammad's] appeal was not received by the Office of Appeals does not refute [his] showing that he submitted his appeal in the manner prescribed by regulation. Indeed, prison officials' failure to process or respond to a properly submitted grievance renders the administrative process "unavailable" under *Ross*, 578 U.S. at 644.

Dkt. 36 at 4. Muhammad claims that an appeal was "effectively unavailable" because the faulty mail delivery system at the prison thwarted his efforts to successfully mail his appeal. *Id.* (citing *Paramo*, 775 F.3d at 1191). Muhammad's assertions ring true: the record shows that his outgoing legal mail log for June and July 2021 includes a July 8, 2021 entry of a mailing to the Office of Appeals. Moseley Decl. ¶ 11, Ex. E. Because the Court must view the evidence in the light most

8

favorable to Muhammad, as the nonmoving party, it finds that Muhammad has sufficiently demonstrated that the prison's administrative remedies were "effectively unavailable" to him because his efforts to appeal were thwarted due to the faulty mail delivery system, which then rendered the prison appeals process "ineffective." *See Paramo*, 775 F.3d at 1191.

Moreover, the absence of Muhammad's appeal of Grievance No. 119967 is insufficient to carry Defendant's ultimate burden of proof in light of Muhammad's verified factual allegations. *See id*. at 1192 (finding that the declaration submitted by defendant did "nothing to rebut [the plaintiff]'s evidence that administrative remedies were not available to her at the time she tried to file the relevant grievance and appeal in this case"). Muhammad's evidence is sufficient to defeat Defendant's motion for summary judgment. *See Nunez v.* Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

Defendant also argues that "[t]o the extent that [the] Court finds a factual issue precludes summary judgment," then it should hold a hearing pursuant to *Albino* to resolve any factual disputes. Dkt. 30 at 19. However, Defendant has failed to meet its ultimate burden to show Muhammad's claims were unexhausted, and thus no hearing is necessary. *See Albino*, 747 F.3d at 1172 ("the ultimate burden of proof remains with the defendant"). Defendant does not dispute Muhammad's claim that he handed the envelope containing his appeal of Grievance No. 119967 to a third-watch correctional officer in his housing unit for processing as confidential mail to the Office of Appeals. *See* Muhammad Dep. at 49:15-16, 50:17-20; *see also* Moseley Decl. ¶ 11, Ex. E. Instead, Defendant argues that such an appeal was never received by the Office of Appeals, which is insufficient to create a dispute of material fact. Ultimately, Defendant did not meet its burden and failed to demonstrate that Muhammad failed to exhaust his claims. Thus, an *Albino* hearing is not warranted to determine the facts.

Accordingly, Defendant is not entitled to summary judgment based on the failure to exhaust administrative remedies at this time, and their motion is **DENIED**.

## IV.   CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.      Defendant's motion for summary judgment is **DENIED**, and the Court finds that an

9

*Albino* hearing is not warranted to resolve any factual disputes. Dkt. 30.

        2.        The parties shall abide by the following briefing schedule:

        a.        No later than **sixty (60) days** from the date of this Order, the defendant shall file a motion for summary judgment on the merits or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[5] notice so that the plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, the defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino*, 747 F.3d at 1166 (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, the defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to the plaintiff shows a failure to exhaust, the defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

        If the defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

---

[5] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

b.      The plaintiff's opposition to the dispositive motion shall be filed with the Court and served on the defendant no later than **twenty-eight (28) days** after the date on which the defendant's motion is filed.

c.      The plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

The notice above does not excuse the defendant's obligation to serve similar notices again concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at 935.

d.      The defendant shall file a reply brief no later than **fourteen (14) days** after the date the plaintiff's opposition is filed.

3.      If Defendant decides not to file a motion for summary judgment on the merits or a dispositive motion on the merits, the Northern District of California has established a Pro Se Prisoner Settlement Program.  Certain prisoner civil rights cases may be referred to a Magistrate Judge for a settlement conference.  The Court finds that a referral would be in order as to Muhammad's claims.  Thus, this case will then be **REFERRED** to Magistrate Judge Robert M. Illman for a settlement conference after the sixty day deadline for the dispositive motion has passed.  The conference shall take place within **sixty (60) days** of the date of the referral, or as

11

soon thereafter as is convenient to the Magistrate Judge's calendar.  Magistrate Judge Illman shall coordinate a time and date for the conference with all interested parties and/or their representatives and, within **ten (10) days** after the conclusion of the conference, file with the Court a report of the result of the conference.  If this matter does not settle, then this case will proceed to trial.  The Clerk of the Court shall provide a copy of this Order to Magistrate Judge Illman.

4.    This Order terminates Docket No. 30.

**IT IS SO ORDERED.**

Dated:  February 23, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California